ERLE M. DONALSON, EXECUTOR, ESTATE OF JOHN E. DONALSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1629.  Promulgated March 10, 1927.

Decedent transferred to a bank by endorsement a promissory note owned by him, in satisfaction *pro tanto* of his indebtedness to the bank. After decedent's death makers of the note defaulted and the bank recovered judgment and payment. The note was not an asset of the decedent's estate at the date of his death.

*Erle M. Donalson, Esq.*, for the petitioner.
*A. R. Marrs, Esq.*, for the respondent.

The Commissioner determined a deficiency in estate tax in the amount of $149.87. Petitioner brings this proceeding for the redetermination thereof. The tax arises under the Revenue Act of 1918.

### FINDINGS OF FACT.

tax return showing no taxable net estate. The Commissioner made adjustments in the values of certain parcels of real estate by which adjustments the values thereof were increased. The value of the gross estate was increased correspondingly. The values determined by the Commissioner and as found by the Board are, respectively, as follows:

| | Commissioner's value. | Board's value. |
|---|---|---|
| 1. 45 acres of unimproved land lying in or near the town of Bainbridge, Georgia | $4,500 | $4,500 |
| 2. 250 acres, being the west half of lots Nos. 163 and 164 in the Twentieth District of Decatur County, Georgia | 2,500 | 2,500 |
| 3. 50 acres of unimproved land in lot No. 350 in the Twentieth District of Decatur County, Georgia | 500 | 250 |
| 4. 2,200 acres on Chattahoochee River in Seminole and Early Counties, Georgia | 33,000 | 27,500 |
| 5. 3 lots of one acre each lying in the Southern part of the village of Donalsonville, Georgia, known as lot 2 in Block J, lot 1 in Block O, and lot 3 in Block I | 3,000 | 1,500 |
| 6. 250 acres in the Second District of Dougherty County, Georgia | 2,500 | 1,750 |
| Total | 48,000 | 38,000 |

Prior to his death, John E. Donalson was indebted to the First National Bank of Bainbridge in an amount in excess of $12,000. The decedent was the owner of a promissory note executed by C. D. Cowart and W. H. Van Landingham in the amount of $2,000. Prior to his death the decedent transferred and set over by endorsement to the First National Bank of Bainbridge his right, title and interest in the said chose in action in satisfaction *pro tanto* of his indebtedness to the bank. After the death of the decedent the makers of the note defaulted and the bank called on the decedent's executor to protect his testator's endorsement. The executor requested the bank to enter suit against the makers of the note which was done. The bank employed the petitioner, who is an attorney, to prosecute the suit. Judgment was secured, together with 10 per cent attorney's fees provided in the note in case of suit for collection. The judgment was paid by the makers of the note. Petitioner made the collection, deducted his fees, and turned the proceeds of the note over to the bank. No part of the proceeds of the collection of this judgment was taken by the executor into the funds of the estate. The indebtedness of decedent's estate, as reported in the estate-tax return, was shown as reduced by the amount of $2,000 as the result of the action of the decedent in taking credit on his outstanding liability to the bank by the note transaction referred to occurring before his death. The executor, in making return for estate-tax purposes, did not report the Cowart and Van Landingham note as an asset of the estate. The Commissioner treated this note as an asset and included its value of $2,000 in the gross estate of the decedent.

## OPINION.

Korner, *Chairman:* The Commissioner apparently treated the proceeds of the Cowart and Van Landingham note as an asset belonging to the estate or, on the other hand, treated the flowing of the proceeds of the note from the makers to the bank as a payment of a liability of the estate, which was to the same effect. But in so treating it, the Commissioner did not, on the contrary, increase the estate's indebtedness which it satisfied, by the corresponding amount of $2,000. We are of opinion that the petitioner is correct in his contention that the note in question was not an asset of the estate and that the item of $2,000 was improperly included by the Commissioner in the decedent's gross estate.

> *Judgment will be entered on 15 days' notice, under Rule 50.*